UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED

97 DEC 31 AM 8:15

DEC 31 1997

PHILLIP BELLOMY,          )
TERRY ROBERTSON,          )
RICHARD KIRK,             )
RONEY MATHIAS,            )
RICHARD PACE,             )
ANGELA PACE,              )
ALTON H. HILL,            )
                          )
    Plaintiffs,           )
                          )
vs.                       )   Civil Action No. CV97-S-2505-NE
                          )
CITY OF SCOTTSBORO, DEKALB)
COUNTY, CITY OF HUNTSVILLE,)
TENNESSEE VALLEY AUTHORITY,)
AND SOUTH PITTSBURGH HOSPITAL, )
                          )
    Defendants.           )
                          )
THE STATE OF ALABAMA,     )
                          )
    Statutory Defendant.  )

## MEMORANDUM OPINION

Plaintiffs seek damages and injunctive relief under the Clean Water Act, 33 U.S.C. §§ 1251 et seq., the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901 et seq., and Alabama law. The focus of their complaint is the Scottsboro Balefill Sanitary Landfill. According to plaintiffs, the operators of that waste depository have: discharged pollutants into the waters of the United States; accepted sewer sludge in violation of federal regulations; contaminated underground drinking water; failed to monitor methane in violation of federal regulations; failed to cover solid waste in violation of federal regulations; failed to control runoff during rain storms; accepted biohazardous waste in

24

violation of federal law; and, generally failed to properly operate and maintain the landfill in accordance with federal law.

The action is before the court on motions to dismiss filed by the City of Scottsboro, the City of Huntsville, the Tennessee Valley Authority, the South Pittsburgh Hospital, and the State of Alabama. Upon consideration of the motions, pleadings, briefs, evidentiary submissions, and arguments of counsel,[1] this court determines that all motions are due to be granted.

The first motions to dismiss were filed on October 14, 1997, by the cities of Scottsboro and Huntsville. Both motions alleged that plaintiffs failed to give notice of their intent to sue as required by statute and regulatory gloss.[2] This court entered an order on October 21, 1997, directing plaintiffs to respond to the motions by November 4, 1997. They failed to do so. A response was not filed until November 12, 1997. Those additional eight days

---

[1] The pending motions were set on a motion docket scheduled to begin at 1:30 p.m on December 29, 1997, in Huntsville, Alabama. Notice of that docket was published to all counsel on December 10, 1997. Counsel for the following defendants thereafter requested, in writing, the opportunity to submit oral argument: City of Scottsboro; City of Huntsville; TVA; and, the State of Alabama. When the case was called, all parties except plaintiffs appeared by way of counsel. The failure of plaintiffs' counsel to appear in the face of written notice by four defendants of intent to offer oral argument in support of pending motions is not excused by the threat of inclement winter weather. On December 28, 1997, this court's secretary attempted to telephone the offices of all counsel of record, to inform them to call this court on December 29, 1997, if road conditions would prevent safe travel. At the office of plaintiffs' counsel, she received a "voice mail" message that plaintiffs' counsel's office was "closed until January 5, 1998." This court's secretary nevertheless dutifully recorded the court's instructions on such counsel's recording device. She then attempted to obtain a home telephone number for plaintiffs' counsel, but was unsuccessful. Upon calling counsel's office on this date, the voice message advised that "the mail box belonging to Hoover Law Center is full."

[2] The notice argument relates solely to plaintiffs' claims under the Clean Water Act and RCRA. The City of Huntsville is the only defendant which has requested that this court decline supplemental jurisdiction over plaintiffs' state law claims if it elects to dismiss the federal claims.

2

were not consumed in the composition of a magnum opus; plaintiffs' response consists of two scant sentences:

1. As to the State of Alabama, plaintiffs did notify the appropriate agency to wit ADEM by numerous letters over a period of many months, a few of which are attached as Exhibit "A" to this Motion.

2. As to the City of Huntsville and the City of Scottsboro, plaintiffs would aver that the prior action filed on April 11, 1997 would serve as notice to the City of Huntsville as to a claim pending.[3]

(Response to motion to dismiss ¶¶ 1, 2.)

In the interim between the court's October 21, 1997 order and plaintiffs' belated response, defendants South Pittsburgh Hospital and the State of Alabama filed motions to dismiss asserting, in part, that plaintiffs failed to provide proper notice. Defendant Tennessee Valley Authority filed a motion to dismiss on December 18, 1997, also based on plaintiffs' failure to provide notice.[4] Plaintiffs elected to file no additional response to the motions of South Pittsburgh Hospital, State of Alabama, and TVA. Apparently, plaintiffs are content to stand (or fall) on their previous, meager analysis.

---

[3] It must be noted that plaintiffs' counsel neither appended a copy of the prior complaint nor directed the court to pertinent information regarding the prior action (e.g., civil action number).

[4] That motion was not pending at the time this court originally set this action on the motion docket discussed at note 1 supra. Even so, TVA informed the court and all counsel of its intent to orally argue the motion on December 19, 1997. Moreover, the motion seeks dismissal solely by virtue of plaintiffs' failure to provide proper notice. This court therefore will consider it with the other motions.

3

## I. NOTICE ISSUES

Section 505 of the Clean Water Act permits private citizens to sue for violations of the Act. 32 U.S.C. § 1365(a)(1). Even so, notice is required before a citizen suit may be commenced.

### (b) Notice

No action may be commenced —

>  (1) under subsection (a)(1) of this section —
>
>   (A) prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator [of the Environmental Protection Agency], (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order, or
>
>   . . .

*Id.* § 1365(b). The RCRA contains a similar notice provision for citizen suits:

### (b) Actions prohibited

> (1) No action may be commenced under subsection (a)(1)(A) of this section —
>
>   (A) prior to 60 days after the plaintiff has given notice of the violation to —
>
>     (i) the Administrator;
>
>     (ii) the State in which the alleged violation occurs; and
>
>     (iii) to any alleged violator of such permit, standard, regulation, condition, requirement, prohibition, or order,
>
>   . . .

42 U.S.C. § 6972(b).

4

The City of Huntsville, South Pittsburgh Hospital, and Tennessee Valley Authority claim they are entitled to dismissal because they are "alleged violators," but did not receive notice of plaintiff's intent to sue.

The City of Scottsboro, an "alleged violator," admits receipt of notice, but nevertheless seeks dismissal because plaintiffs did not properly notify either the State of Alabama or <u>all other</u> alleged violators.

The State of Alabama alleges it was not given proper notice as required by the Clean Water Act and RCRA.

In *Hallstrom v. Tillamook County*, 493 U.S. 20, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989), the Supreme Court held that a RCRA action must be dismissed when the plaintiff fails to comply with statutory notice requirements. In *Hallstrom*, the plaintiff notified the alleged violator, but not the EPA or appropriate state agency. The Eleventh Circuit relied upon *Hallstrom* to find that failure to comply with the Clean Water Act's notice requirements also requires dismissal. See *National Environmental Foundation v. ABC Rail Corporation*, 926 F.2d 1096, 1097-98 (11th Cir. 1991).

In this case, plaintiffs "aver that notice has been given at least 60 days prior to the promulgation of this action. A copy of said Notices are attached hereto as Exhibit 'A' to this complaint." (Complaint ¶ 59.) Exhibit "A," however, reflects notice only to the EPA and the City of Scottsboro. Therefore, plaintiffs' complaint, on its face, demonstrates that notice was not given to "the State

5

in which the alleged violation occurred," nor to <u>all</u> "alleged violators."

Plaintiffs' attempts to rely upon prior letters to the Alabama Department of Environmental Management ("ADEM") and upon "the prior action" are unavailing. The letters to ADEM do not satisfy EPA regulations governing notice under RCRA and the Clear Water Act. See 40 C.F.R. § 254 (RCRA), 40 C.F.R. § 135 (Clean Water Act). Moreover, plaintiffs' reference to "the prior lawsuit filed on April 11, 1997," is insufficient to constitute notice. Plaintiffs provided this court with no documentation or information concerning that prior action. At oral argument, this court learned that the prior filing was voluntarily dismissed by plaintiffs in tacit admission of the fact that <u>no</u> notice, much less proper notice, had been provided any entity as required by statute. In this action, plaintiffs at least attempted to comply with the notice requirements, but their attempts still were insufficient. This court accordingly finds that plaintiffs' RCRA and Clean Water Act claims are due to be dismissed.[5]

## II. CITY OF HUNTSVILLE

In addition to its notice argument, the City of Huntsville moves to dismiss for failure to state a claim upon which relief can be granted. Huntsville correctly observes that the complaint "is totally devoid of any factual allegation as to any connection between Huntsville and the Scottsboro Balefill Sanitary Landfill."

---

[5] DeKalb County, Alabama is the only defendant which did not file a motion to dismiss. Even so, plaintiffs' failure to comply with the notice requirements requires dismissal of the RCRA and Clean Water Act claims against all defendants.

6

(Huntsville Motion to Dismiss ¶ 2.) Indeed, the only reference to Huntsville is found in the style of the complaint.[6] This court agrees that plaintiffs fail to state a claim against the City of Huntsville upon which relief may be granted, and its motion to dismiss is thus due to be granted on that basis as well. Rule 12(b)(6), Fed. R. Civ. P.

### III. STATE LAW CLAIMS

This court declines to exercise supplemental jurisdiction over the remaining state law claims asserted by plaintiffs, because it "has dismissed all claims over which it ha[d] original jurisdiction." 28 U.S.C. § 1367(c)(3); see, e.g., Baggett v. First National Bank of Gainsville, 117 F.3d 1342, 1353 (11th Cir. 1997)(dismissing state law claims after federal claims dismissed).

### IV. CONCLUSION

For the foregoing reasons, this court concludes that all claims are due to be dismissed, either in response to the motions discussed or sua sponte. An appropriate order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this the  $31st$  day of December, 1997.

United States District Judge

---

[6]The same is true of DeKalb County, but that defendant failed to move for dismissal of the claims against it on any grounds, much less this one.

7